# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

DAVID ARNOLD NORTH,

            Defendant.

Case No. 2:17-cr-00378-JCM-NJK

ORDER AND
REPORT AND RECOMMENDATION

(Docket No. 43)

      This matter was referred to the undersigned Magistrate Judge on Defendant David Arnold North's motion to suppress evidence. Docket No. 43. The Court has considered Defendant's motion and exhibits, the United States' response and exhibits, and Defendant's reply. Docket Nos. 43, 46, 47.

## I.    **BACKGROUND**

      On November 28, 2017, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d); five counts of use and carry of a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii); four counts of Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a); one count of attempted Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a); and one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 26. The charges arise out of

1  six robberies Defendant is alleged to have committed during the month of March 2017.  Docket

2  No. 43 at 3.

3        On March 12, 2017, the Lucky Club sportsbook was robbed, and is one of the robberies

4  charged in the indictment.  *Id*.  During the robbery, Defendant submits, surveillance video shows

5  that, as the suspect pulled a pillowcase out of his pocket, he dropped a small black cloth on the

6  floor.  *Id*.  Defendant further submits that the police arrive on the scene more than seven and one-

7  half minutes after the suspect flees and that, in the interim, "at least 11 people trample the area

8  where the cloth was dropped a total of at least 20 times."  *Id*.  Defendant submits that the DNA

9  linkage to him from the cloth "represents the only evidence linking [him] to the robberies at the

10  time the [three search warrants he contests] were obtained."  *Id*.

11        On March 22, 2017, Las Vegas Metropolitan Police Department ("LVMPD") Detective

12  Rafferty submitted an affidavit to Nevada District Court Judge Jerry Wiese, requesting the

13  installation of a Pen Register and Trap and Trace Device on Defendant's cellular telephone.

14  Docket No. 43-1.  In the portion of the affidavit where he discusses the Lucky Club robbery,

15  Detective Rafferty states, in relevant part, "During the review of [the] incident, the suspect was

16  seen pulling the pillow case out of his left front pants pocket.  As he's doing this a dark colored

17  object fell onto the floor from the suspect's left front pants pocket.  This object remained on the

18  floor near where it had fallen during the incident, and was not disturbed until police arrived."  *Id*.

19  at 25.  The affidavit further states that DNA processing that was conducted on the black cloth

20  returned with a match to Defendant.  *Id*. at 25-26.  Judge Wiese issued the warrant on March 22,

21  2017.  *Id*. at 28.

22        On March 23, 2017, Detective Rafferty submitted an affidavit to Las Vegas Justice of the

23  Peace Harmony Letizia, requesting the issuance of a search warrant for Defendant's residence.

1 Docket No. 43-2. This affidavit contains, in relevant part, the same language regarding the cloth

2 recovered at the scene of the Lucky Club robbery as the affidavit submitted for the pen register

3 and trap and trace. *Id*. at 13-14. Judge Letizia issued the search warrant on March 23, 2017. *Id*.

4 at 19.

5        On April 1, 2017, Detective Rafferty submitted an affidavit to Judge Letizia, requesting

6 the issuance of a second search warrant for Defendant's residence, in order to recover certain items

7 of clothing that were inadvertently left behind during the execution of the first search warrant on

8 the residence. Docket No. 43-3. Detective Rafferty attaches his March 23, 2017 affidavit as an

9 exhibit to this affidavit. *Id*. at 3. Judge Letizia issued the search warrant on April 1, 2017. *Id*. at

10 6.

11        Defendant submits that Detective Rafferty's statement, contained in the affidavits, that the

12 black cloth was not disturbed until police arrived is false. Docket No. 43 at 6. Defendant further

13 submits that Detective Rafferty omits from the affidavits that DNA from multiple individuals was

14 found on the black cloth, and that only one DNA profile was run. *Id*. Defendant contends that

15 these "misrepresentations and omissions were deliberate and reckless, because the Metro lab

16 reports clearly indicate multiple DNA profiles." *Id*. Finally, Defendant submits that, "[w]ithout

17 these misrepresentations and omissions, Rafferty's affidavits do not provide sufficient probable

18 cause to justify the searches." *Id*. at 6-7.

19        In response, the United States submits that the black cloth fell out of Defendant's pocket

20 during the Lucky Club robbery. Docket No. 46 at 3. The United States submits that surveillance

21 video shows that the cloth was walked on by a number of individuals, and even kicked by one

22 person, during the seven minutes it was on the floor prior to the police recovering it. *Id*. The

23 United States submits that, after the cloth was submitted for DNA analysis, it had only one major

1  DNA profile that matched a sample linked to Defendant from a 2002 case, and that is the profile

2  that Detective Rafferty spoke of in the affidavits.  *Id.*  The United States submits that the

3  "probability of randomly selecting an unrelated individual from the general population having a

4  DNA profile consistent with the only full major DNA profile obtained from the dropped black

5  cloth is approximately 1 in 138 octillion."  *Id.* at 3 n. 2.

6      The United States submits that, after the DNA match was obtained, law enforcement

7  continued investigating and determined that Defendant is similar in height, weight, and build to

8  the person who committed the robberies, which was mentioned in the affidavits.  *Id.* at 3-4.  *See*

9  Docket No. 43-1 at 26 (Defendant "bears a striking resemblance to the suspect in the robbery series

10 … is of the same ethnicity, similar height, weight, and build of the suspect, and had the same thin

11 moustache as the suspect …[wears] the same or similar aviator style sunglasses as the suspect");

12 Docket No. 43-2 at 17-18 (same).

13     The United States submits that Detective Rafferty did not make any material

14 misrepresentations or omissions in the affidavits.  Docket No. 46 at 5-7.  Since the affidavits state

15 that the cloth remained on the floor "near where it had fallen during the incident," the United States

16 submits, it necessarily had to have been moved prior to its recovery.  *Id.* at 7.  Further, the United

17 States submits that, when Detective Rafferty said the cloth was undisturbed, he "presumably"

18 meant it had not been "touched or handled in a fashion that might overtly interfere with DNA

19 analysis."  *Id.*  The United States submits that this statement is corroborated by the video in that,

20 although people walk over the cloth, it is not touched or handled until law enforcement recovers

21 it.  *Id.*  In any event, the United States submits, the statement does not defeat probable cause for

22 the affidavits, as law enforcement corroborated Defendant's identity in relation to the suspect and

23

1 || included that information in the affidavits. *Id*. at 8. The United States therefore asks the Court to

2 || deny Defendant's request for a *Franks* hearing, and to deny the motion. *Id*. at 9.

3 ||        In reply, Defendant submits that Detective Rafferty made a misstatement that defeats

4 || probable cause. Docket No. 47 at 2. Defendant further submits that, as the United States presumes

5 || what the Detective was thinking in writing the affidavits, a hearing should be held. *Id*. Defendant

6 || further submits that the "only fair presumption is that Rafferty misrepresented what occurred on

7 || the video" in his affidavits.[1]  *Id*. at 2-3. Therefore, Defendant asks the Court to suppress the

8 || evidence obtained during the execution of the warrants or, "at the very least," to hold a *Franks*

9 || hearing. *Id*. at 3.

10 ||     **II.    ANALYSIS**

11 ||        In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court addressed at length

12 || whether a false statement by a government affiant invalidates a search warrant. *United States v.*

13 || *Hammett*, 236 F.3d 1054, 1058 (9th Cir. 2001) (citation omitted). The Court held that, under

14 || certain circumstances, a defendant is entitled to an evidentiary hearing to afford the defendant an

15 || opportunity to attack the veracity of a facially-valid affidavit used to support a search warrant. A

16 || defendant can challenge a facially valid affidavit by making a substantial preliminary showing that

17 || "(1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and

18 ||

19 ||
_____

[1]      Both parties discuss the presentation of evidence before "the magistrates." *See, e.g.*,
20 || Docket No. 47 at 3. The affidavits in the instant case were sworn before a judge and a justice of
the peace, not before magistrates, which do not even appear to exist in the State of Nevada.
21 || Further, there have been no "magistrates" in the federal system for nearly three decades. *See, e.g.*,
*Taddeo v. American Invsco Corp.*, 2015 WL 751072, *2 n.2 (D. Nev. Feb. 20, 2015) (discussing
22 || *Williams v. City of Mesa*, 2010 WL 2803880, *2 n.1 (D. Ariz. July 15, 2010)). When parties
choose to use titles in filings before this Court, the Court expects them to use correct titles.

23 ||

1 (2) the affidavit cannot support a finding of probable cause without the allegedly false

2 information." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000) (citing *United States*

3 *v. Stanert,* 762 F.2d 775, 780-81 (9th Cir. 1985)).

4       Before a criminal defendant is entitled to go beneath the search warrant to obtain additional

5 information concerning the police investigation and an informant, he or she is required to make a

6 substantial threshold showing.   A defendant's preliminary showing cannot be "merely

7 conclusory." *Reeves*, 210 F.3d at 1044.  "There must be allegations of deliberate falsehood or

8 reckless disregard for the truth, and these allegations must be accompanied by an offer of proof."

9 *Hammett*, 236 F.3d at 1058 (*quoting Franks*, 438 U.S. at 171).  "To justify a hearing, a defendant

10 must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth,

11 and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d

12 1073, 1080 (9th Cir. 2008) (citation omitted).  The movant bears the burden of proof and must

13 make a substantial showing to support both elements. *See United States v. Garcia–Cruz*, 978 F.2d

14 537, 540 (9th Cir.1992).

15       Intentional or reckless omissions may provide grounds for a *Franks* hearing.  *United States*

16 *v. Jawara*, 474 F.3d 565 (9th Cir. 2007)); *see also United States v. Stanert*, 762 F.2d 775, 781 (9th

17 Cir. 1985) ("By reporting less than the total story, an affiant can manipulate the inferences a

18 magistrate [judge] will draw.  To allow a magistrate [judge] to be misled in such a manner could

19 denude the probable cause requirement of all real meaning").  Although "[c]lear proof of deliberate

20 or reckless omission is not required," a "[d]efendant 'must offer direct evidence of the affiant's

21 state of mind or inferential evidence that the affiant had obvious reason for omitting facts in order

22 to prove a deliberate falsehood or reckless disregard." *United States v. Souffront*, 338 F.3d 809,

23 822-23 (7th Cir. 2003).  A defendant must also show that the "affidavit, once corrected and

supplemented," would not "provide ... a substantial basis for concluding that probable cause existed." *Stanert*, 762 F.2d at 782. "[T]he omission rule does not require an affiant to provide general information about every possible theory, no matter how unlikely, that would controvert the affiant's good-faith belief that probable cause existed for the search." *Craighead* 539 F.3d at 1081.

Here, Defendant has not made the substantial preliminary showing necessary for a *Franks* hearing. His allegations are merely conclusory, and are not accompanied by an offer of proof. *See Craighead*, 539 F.3d at 1073. Instead, he simply claims that Detective Rafferty stated that the cloth remained undisturbed on the floor near where it had been dropped despite the fact that people stepped on it and one person kicked it, and omitted the information about any partial DNA profiles on the cloth while speaking only about the major DNA profile found on the cloth. He presents nothing to show that Detective Rafferty's statements were made with deliberate falsehood or reckless disregard for the truth, much less a substantial preliminary showing. Therefore, he has failed to meet the first *Franks* prong.

Additionally, Defendant has failed to show materiality - that the inclusion of the information regarding people stepping on and kicking the cloth and the partial DNA profiles would negate the probable cause in the affidavits. The probable cause standard for a search warrant is whether, based on common sense considerations, there was "a fair probability that contraband or evidence of a crime [would] be found in a particular place." *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir.1992) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The issuing judge need not determine "that the evidence is more likely than not to be found where the search takes place.... The [issuing judge] need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir.1991)

1  (citation and internal quotation marks omitted).  Neither certainty nor a preponderance of the

2  evidence is required.  *United States v. Kelley*, 482 F.3d 1047, 1050–51 (9th Cir. 2007), citing

3  *Illinois v. Gates*, 462 U.S. 213, 246 (1983) and *United States v. Gourde*, 440 F.3d 1065, 1069 (9th

4  Cir. 2006) *(en banc)*.

5  While Defendant submits that people "trampled" on the cloth, and one person kicked it, he

6  has presented nothing that would even suggest that this type of activity would either negate the

7  only full major DNA profile on the cloth or cause his DNA profile to appear on the cloth without

8  his having handled it.  Further, in light of the fact that only one full major DNA profile – one

9  consistent with Defendant – exists on the cloth, and the corroborating information included in the

10  affidavits regarding Defendant, Defendant has not made a substantial preliminary showing

11  regarding materiality of the omission of the other partial DNA profiles.  The Court finds that the

12  addition of the information regarding the partial DNA profiles and people stepping on and kicking

13  the cloth prior to its recovery by law enforcement does not negate probable cause for the affidavits.

14  Therefore, the Court finds that Defendant has failed to meet the second *Franks* prong.

15  **III.    ORDER AND RECOMMENDATION**

16  Based on the foregoing and good cause appearing therefore,

17  **IT IS ORDERED** that Defendant's request for a *Franks* hearing is **DENIED**.

18  **IT IS RECOMMENDED** that Defendant's motion to suppress evidence, Docket No. 43,

19  be **DENIED**.

20  DATED: November 16, 2018.

21

22  _____
   NANCY J. KOPPE
   UNITED STATES MAGISTRATE JUDGE
23

1

2 **NOTICE**

3    Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**

4 **be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

5 The Supreme Court has held that the courts of appeal may determine that an appeal has been

6 waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S.

7 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified

8 time and (2) failure to properly address and brief the objectionable issues waives the right to appeal

9 the District Court's order and/or appeal factual issues from the order of the District Court.

10 *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708

11 F.2d 452, 454 (9th Cir. 1983).

12

13

14

15

16

17

18

19

20

21

22

23