UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-378 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DAVID NORTH, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Koppe's report and recommendation. (ECF No. 52). Defendant Arnold North filed an objection (ECF No. 55), to which the government filed a response (ECF No. 56).

**I.     Facts**

On November 28, 2017, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging defendant with twelve counts in relation to six robberies defendant is alleged to have committed during the month of March 2017. (ECF No. 43). The charges consist of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); five counts of use and carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (ECF No. 26).

On March 12, 2017, the Lucky Club sportsbook was robbed, and is one of the robberies charged in the indictment. *Id*. Surveillance video of the robbery shows that, as the suspect pulled a pillowcase out of his pocket, he dropped a small black cloth on the floor. (ECF Nos. 43,

46, 55, 56). The video further shows that over a period of seven minutes several individuals stepped on and one person kicked the black cloth prior to the police recovering it. *Id*.

The government submitted the cloth for DNA analysis and found one major DNA profile that matched a sample linked to defendant from a prior case. (ECF No. 46-1). According to the Las Vegas Metropolitan Police Department Forensic Laboratory, the probability of randomly selecting an unrelated individual from the general population having a DNA profile that is consistent with the only full major DNA profile obtained from the black cloth is approximately 1 in 138 octillion. (ECF No. 46-1).

Law enforcement thereafter began reviewing available open source materials, including booking photos and a DMV photo, comparing them to the individual captured in the surveillance video. (ECF No. 46). The government represents that defendant was the same ethnicity, had the same mustache, and was similar in height, weight, and build to the suspect. *Id*.

On March 22, 2017, Las Vegas Metropolitan Police Department ("LVMPD") Detective Rafferty submitted an affidavit to Nevada District Court Judge Jerry Wiese requesting a warrant to install a pen register and a tracing device on defendant's cellular telephone. (ECF No. 43-1). In the portion of the affidavit where he discusses the Lucky Club robbery, Detective Rafferty states in pertinent part:

> During the review of [the] incident, the suspect was seen pulling the pillow case out of his left front pants pocket. As he's doing this a dark colored object fell onto the floor from the suspect's left front pants pocket. This object remained on the floor near where it had fallen during the incident, and was not disturbed until police arrived.

*Id.* Detective Rafferty also summarized the forensic analysis of the cloth, which returned a DNA match for defendant. *Id*. The affidavit further states that law enforcement officials compared photographs of defendant with the individual in the surveillance video and discovered that defendant "bears a striking resemblance to the suspect." *Id*.

On March 23, 2017, Detective Rafferty submitted an affidavit to Las Vegas Justice of the Peace Harmony Letizia, requesting the issuance of a search warrant for defendant's residence. (ECF No. 43-2). This affidavit contains, in relevant part, the same language regarding the cloth

that police recovered at the scene of the Lucky Club robbery and defendant's resemblance to the suspect. *Id*. Judge Letizia issued the search warrant on March 23, 2017. *Id*.

On April 1, 2017, Detective Rafferty submitted another affidavit to Judge Letizia, requesting the issuance of a second search warrant for defendant's residence to recover certain items of clothing that were inadvertently left behind during the execution of the first search warrant on the residence. (ECF No. 43-3). Detective Rafferty attached his March 23, 2017, affidavit as an exhibit to this affidavit. *Id*. Judge Letizia issued the second search warrant on defendant's residence on April 1, 2017. *Id*.

On October 7, 2018, defendant moved to suppress evidence that law enforcement seized in execution of the three search warrants because Detective Rafferty's affidavit includes misrepresentations and omissions regarding the black cloth. (ECF No. 43). Defendant also requested a *Franks* hearing to challenge the validity of the search warrants. *Id*. On November 16, 2018, Magistrate Judge Koppe issued an order denying defendant's request for a *Franks* hearing and recommending that the court deny defendant's motion to suppress. (ECF No. 52).

The court now considers defendant's motion to suppress pursuant to the magistrate judge's report and recommendation.

**II.     Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

**III.    Discussion**

In the report and recommendation, Magistrate Judge Koppe found that defendant did not make a preliminary showing to warrant a *Franks* hearing on two grounds: (1) defendant provided merely conclusory allegations that Detective Rafferty intentionally or recklessly made false statements in his affidavit and (2) defendant failed to show that the alleged misrepresentations

and omissions were material. (ECF No. 52). The court hereby reviews the magistrate judge's findings *de novo*.

A defendant is entitled to challenge the validity of a search warrant if he makes a substantial preliminary showing that (1) the affidavit in support of the warrant contains intentionally or recklessly false statements and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978). If the defendant makes a substantial showing that the affidavit contains intentionally or recklessly false statements, "and if, when the material that is the subject of the alleged falsity is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171-72. On the other hand, if the remaining content is insufficient to support probable cause, then the defendant is entitled to an evidentiary hearing. *Id.*

Intentional or reckless omissions may also provide grounds for a *Franks* hearing. *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007). In determining whether a defendant is entitled to an evidentiary hearing, "[c]lear proof of deliberate or reckless omission is not required. (citation omitted). Such proof is reserved for the evidentiary hearing." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). The court in *Stanert* found that the defendant made a substantial preliminary showing that the affidavit omitted material information regarding each of the key facts relied on by the government to support probable cause and that the nature of the omissions suggested that they were made intentionally or at least recklessly. *Id.*

The court addresses the grounds for the magistrate judge's recommendation to not hold a *Franks* hearing in turn.

*a. Intentionally or recklessly false statements*

Defendant claims that Detective Rafferty's statement that the cloth "remained on the floor near where it had fallen during the incident, and was not disturbed until police arrived" is a misrepresentation because multiple individual stepped on and one person kicked the cloth. (ECF Nos. 43, 55). Defendant further claims that Detective Rafferty's failure to disclose that various individuals disturbed the cloth was, at least, a reckless omission. *Id.*

1         The parties agree that several individuals stepped on and one person kicked the black cloth. (ECF Nos. 46, 55, 56). Thus, Detective Rafferty's statement that the cloth "was not disturbed" is inaccurate. Detective Rafferty also omitted relevant facts by failing to disclose that various individuals interacted with the cloth shortly after the suspect dropped it.

        Because law enforcement officials had access to the surveillance video, Detective Rafferty had the ability to know and should have known several individuals stepped on and one person kicked the cloth. Thus, defendant has made a preliminary showing that Detective Rafferty's misrepresentation and omissions were at least reckless. *See Stanert*, 762 F.2d at 781 ("Clear proof of deliberate or reckless omission is not required.").

        *b. Probable cause*

        Defendant has failed to make a preliminary showing that the affidavit purged of its falsities would not be sufficient to support a finding of probable cause.

        Whether a search warrant is supported by probable cause must be determined from the "four corners" of the affidavit. *United States v. Luong*, 470 F.3d 898, 904–05 (9th Cir. 2006). In deciding whether to issue a search warrant, the magistrate or judicial officer is required to make a practical, common sense decision whether the circumstances set forth in the affidavit show that there is a fair probability that contraband or evidence of a crime will be found on the person or at the place to be searched. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

        Although several individuals interacted with the black cloth before the police retrieved it, forensic analysis only returned one full DNA match, which has an error rate of 1 in 138 octillion. (ECF Nos. 43-1, 46-1). Moreover, the affidavit disclosed that law enforcement officials discovered corroborating evidence showing that defendant had a remarkable resemblance to the suspect. (ECF No. 43-1). Thus, had Detective Rafferty excluded the misrepresentation and given an accurate account of the content in the surveillance video, the affidavit would still support a finding of probable cause.

. . .

. . .

## IV. Conclusion

In light of the foregoing, the court will adopt Magistrate Judge Koppe's report and recommendation as it pertains to the second element of the *Franks* test and deny defendant's motion to suppress.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Koppe's report and recommendation (ECF No. 52) be, and the same hereby is, ADOPTED in part and REJECTED in part.

IT IS FURTHER ORDERED that defendant's motion to suppress (ECF No. 43) be, and the same hereby is, DENIED.

DATED February 5, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge